**In the Matter of the Complaint of VOYAGER, INC.,
as Registered Owner of the Fishing Vessel VOYAGER,
Engines, Tackle, Apparel, etc., in a Cause of Exoneration
from or Limitation of Liability**

High Court of American Samoa
Trial Division

CA No. 76-92

November 16, 1992

Before KRUSE, Chief Justice.

Counsel: For Plaintiff Voyager, Inc., William H. Reardon

 Voyager, Inc., as owners of the fishing vessel VOYAGER, has filed a "Complaint for Exoneration from or Limitation of Liability," invoking the High Court's admiralty jurisdiction "pursuant to ASCA 3.0208(a), TCRCP Supplemental Rules for Certain Admirably and Maritime Claims, Rule F, TCRCP 9(H) and 46 U.S.C. § 181 *et seq.*" The complaint alludes to a suit filed in the Superior Court of California, County of San Diego, by a Byron J. Blocker and Catherine A. Blocker of San Diego, California, against Voyager, Inc., wherein Byron Blocker seeks damages for personal injuries sustained as the result of an explosion on board the VOYAGER, while his wife Catherine Blocker seeks damages for loss of consortium. Total damages prayed for by the Blockers is $17.5 million.

 The complaint before us alleges that the vessel's value does not exceed $3 million and that the vessel's owner accordingly seeks to limit liability to the extent of the vessel's value, under 46 U.S.C. § 181 *et seq.* and under "all other rules and statutes limiting a vessel owner's liability." The vessel owner seeks from the court a "Notice to Claimants" pursuant to T.C.R.C.P., Supplemental Rules for Certain Admirably and Maritime Claims, Rule F(4). This application was previously made and denied.

47

Rule F(1) presupposes a limitation-of-liability action "pursuant to *statute*." (emphasis added). The rule also presupposes that the High Court can enjoin proceedings in other jurisdictions in order to consolidate any and all claims against a vessel in a limitation proceeding before the High Court of American Samoa. *See* Rule F(3). However, no territorial statutory remedy for limitation of liability exists, and the High Court of American Samoa has no jurisdiction to grant relief under the provisions of 46 U.S.C. §§ 181 *et seq.*, because Congress restricted jurisdiction to the federal district courts. *See* 46 U.S.C. § 145; *In re Complaint of Interocean Ships*, 2 A.S.R.2d 76 (App. Div. 1985). As noted by the Appellate Division:

> The Fono [through the enactment of A.S.C.A. § 3.0208(a)(3)--conferring admiralty jurisdiction on the High Court] cannot extend the jurisdiction of this court to encompass proceedings in other jurisdictions. Neither can this court accomplish that result *through its procedural rules*.

*Interocean Ships*, 2 A.S.R.2d at 80 (emphasis added).

Application for notice to claimants is denied.

It is so ordered.